## THE BURLINGTON INSURANCE COMPANY
### v.
## S. M. & W. F. JOHNSTON ET AL.

*Agency—Bond to Secure Insurance Company—Advances not within.*

1. A bond given to an insurance company by an agent to secure the faithful performance of his duties, including an account of all sums of money, goods, notes, valuables and other property coming into his hands, does not cover advances made to him by the company.

2. In the case presented, it is *held:* That the bond in question had exclusive reference to the conduct of certain appointees as special agents; and that the sureties are not bound for individual and personal indebtedness of the agents to the company on account of transactions outside of the contract.

[Opinion filed November 20, 1886.]

APPEAL from the Circuit Court of McLean County; the Hon. O. T. REEVES, Judge, presiding.

Messrs. KERRICK, LUCAS & SPENCER, for appellant.

PLEASANTS, P. J.   The Johnstons, being appointed special agents of the insurance company for the State of Illinois, excepting Cook County, gave a bond for the faithful performance of their duties, which the other appellees executed as sureties.   This action was brought upon it to recover a balance claimed to be due for advances on account of expenses, and judgment was rendered for the defendants on demurrer to the declaration, which consisted of a single count.

It set out in *hæc verba* the contract of agency, which was dated November 14, 1883, to be in force from January 1 to December 31, 1884, and showed that the Johnstons were to devote their time and labor to the interests of the company, to be governed by its printed rules and other written or printed instructions of its secretary, to do all such work as is usually required of special agents of insurance companies, to organize the business in Illinois, appoint agents therein, canvass with them and canvass themselves when not otherwise engaged in the interest of said company. For the faithful performance of these duties the company agreed to pay them as follows, *to wit:* "The actual expenses of each while traveling in the interests of said company: *Provided*, however, that the only items of expense be railroad fare, hotel bills, livery hire and bus fare, and no other items of expense shall be claimed or allowed; and provided further, that in no case shall the expense bill of either S. M. or W. F. Johnston exceed the sum of $100 in any month during the term of this contract, and an itemized bill of expenses must be made by each and delivered to said company at the end of each month;" and in addition twenty-five per cent. of the net premiums obtained by their personal work, and five per cent. of the net premiums taken from the entire State of Illinois, but in no event were the commissions paid to agents—their own expenses and the five per cent. mentioned—taken together, to exceed thirty-eight per cent. of the entire net premium receipts from Illinois, and if they should, the Johnstons were not to claim or be paid any portion of said five per cent. in

excess of said thirty-eight per cent.   It further provided that
" payments of the above amounts shall be made by the com-
pany to S. M. and W. F. Johnston monthly, in cash, at Bur-
lington, Iowa," and that said appointees should give a bond as
therein prescribed.

This contract was extended to the next year with no other
change than that the commissions to agents, their own
expenses and the five per cent. mentioned should not together
exceed forty per cent. of the net premium receipts from
Illinois.

In compliance with the contract in that behalf, the bond in
suit was executed, which is also set out at large in the declara-
tion, and by which the obligors promise and agree that said
appointees shall "faithfully fulfill the terms of said contract
and of all modifications and extensions of the same in writ-
ing," and " faithfully discharge all duties devolving upon
them as special agents, and shall on demand deliver unto said
Burlington Insurance Company, or their attorney, a correct
account of all sums of money, goods, notes, valuables and other
property, as such may come into their hands as special agents
of said company, and shall pay and deliver unto said com-
pany, or any person authorized by said company to receive
the same, all balances, sums of money, goods, valuables and
other property which shall be due by them to said Burling-
ton Insurance Company, and shall justly, faithfully and hon-
estly serve said company as special agents during their
continuance in such capacity."

It then avers that said appointees entered upon the per-
formance of said contract, and at different times requested the
plaintiff to advance money to them, as such agents, to pay
commissions, expenses, etc., to enable them to carry on the
said business of the plaintiff, and with the understanding and
agreement that they, on demand, would pay and return to the
plaintiff all money so received by and due from them ;
that plaintiff at divers times, at such request, did advance to
them for that purpose large sums of money, and that in addi-
tion to the sums so advanced, they received, collected and
retained other moneys from the patrons of the plaintiff to a

large amount; that the moneys so advanced to and received and collected by them prior to January 1, 1885, did exceed thirty-eight per cent. of the entire net premium receipts from Illinois, and that twenty-five per cent. of the net premiums on all 'work done personally by them, and their actual expenses— provided for and limited as before stated—prior to said date did not exceed said thirty-eight per cent., with like averments as to the time subsequent to January 1, 1885, only substituting "forty" for "thirty-eight" per cent.; that said excess of the amount so advanced, received and collected by them over such thirty-eight and forty per cent. in said periods respectively amounted in each period to a large sum, to wit, $3,000, whereby they became liable and promised to pay the same to plaintiff, but have neglected and refused to do so on demand, by reason whereof, and by the means aforesaid, the defendants herein became indebted and in consideration thereof promised the plaintiff to pay, etc.; but though often requested, have neglected and refused, and still neglect and refuse so to do.

It thus appears that the money sued for is not alleged to include any that was collected or received by these appointees from the patrons of plaintiff. The allegation is that the money so collected and received, together with those advanced by plaintiff, exceeded the limit of thirty-eight and forty per cent. respectively, of the net premium receipts from Illinois in the periods mentioned.

As against the pleader the intendment will be that exclusive of the sums so advanced this limit would not have been exceeded; in other words, that the balance here sued for, is solely on account of advances made by plaintiff at their request for the purpose of paying commissions to sub-agents and other expenses and to enable them to carry on the business of their agency. It is not even averred that these expenses were such as they were authorized by the contract to incur. But whatever may have been their character, the advances were made by the plaintiff voluntarily, upon request of the appointees, and with the agreement that they were to be returned or repaid on demand.

Thus it is averred that these were transactions between the

parties who were respectively principal and agent by which the latter became bound to the former directly and not by reason of their having bound it to third parties. They were therefore not transactions by the latter as agents of the former, but in their individual capacity, and by which they became simply and directly debtors to the plaintiff.

Such were not provided for nor contemplated by the contract of appointment. There is no provision in it for the establishment of such a relation. Their indebtedness to the plaintiff was to arise only indirectly out of transactions by which they should bind it to third parties. Their expenses were to be incurred for the plaintiff, reported in itemized form at the end of each month and paid, not advanced, by the plaintiff monthly. Thus the only indebtedness between these parties for expenses, as contemplated by the contract, was to be an indebtedness from the plaintiff to the appointees, and not from the latter to it. Those for which these advances were obtained were incurred by them primarily for themselves, although the company might also indirectly be benefited by them.

The bond of defendants had reference exclusively to the conduct of these appointees as special agents under the contract. It did not bind the sureties for their individual and personal indebtedness to the company on account of transactions outside of the contract.

We think the demurrer was properly sustained and the judgment will be affirmed.                    *Judgment affirmed.*